ON MOTION FOR REHEARING
PLEUS, J.
We grant appellant’s motion for rehearing, withdraw our prior opinion and substitute a new opinion using appellant’s initials to maintain her confidentiality. In addition, pursuant to this Court’s administrative order No. AO5D08-2, our court file in this case shall be treated as confidential and access to that file shall be restricted.
W.M. appeals a circuit court’s order subjecting her to six months of additional involuntary mental health treatment. W.M. was originally picked up by police at the Orlando airport where she was found in an agitated state and appeared to be suffering from mental health problems. The police took her to the psychiatric unit at Florida Hospital to have an involuntary psychiatric evaluation done pursuant to the Baker Act.[1] Based on the examination, Florida Hospital filed a petition for involuntary inpatient placement to request involuntary psychiatric care at Florida Hospital in Orlando. Under Florida’s Mental Health Act, section 394.467, Florida Statutes (2007), the circuit court is required to make the initial mental health determination and, in this case, the circuit court found that W.M. was in need of treatment and committed her to involuntary treatment for a three week period. At the end of the three week period, W.M. had not responded to treatment. The hospital administrator petitioned for a hearing to order continued treatment, the circuit court held a hearing, and the court determined six additional months of treatment were warranted. W.M. argues that the circuit court did not have jurisdiction to order the continued treatment.
Especially where it addresses hearings for continued involuntary inpatient treatment, section 394.467 is not a model of clarity. However, based on a full reading of the statute, it is clear that the procedure followed by the circuit court in this case comports with the Legislature’s intent. Stated succinctly, the facts of this case are that the circuit court initially ordered a short-term treatment period and, when W.M. did not improve, the court committed her to a longer treatment period at a state-run mental health facility. For the reasons discussed below, because the initial three week treatment period was short-term treatment at a receiving facility, the circuit court retained jurisdiction to order further treatment.
Although the statute indicates that hearings for continued involuntary treatment are to be administrative, the circuit court retains concurrent jurisdiction over the involuntary commitment proceedings. *385 When the statute is read in its entirety, it is clear that the Legislature’s intent was that the administrative hearing requirement applies after a patient is committed to a long-term treatment period at a treatment facility.
Section 394.467, Florida Statutes, governs involuntary inpatient placement. After setting out in subsection (1) the criteria for involuntary inpatient placement, the statute next provides that a person meeting the criteria can be admitted to involuntary care:
(2) ADMISSION TO A TREATMENT FACILITY. — A patient may be retained by a receiving facility or involuntarily placed in a treatment facility upon the recommendation of the administrator of a receiving facility where the patient has been examined and after adherence to the notice and hearing procedures provided in s. 394.4599. The recommendation must be supported by the opinion of a psychiatrist and the second opinion of a clinical psychologist or another psychiatrist, both of whom have personally examined the patient within the preceding 72 hours, that the criteria for involuntary inpatient placement are met....
If a party is determined to meet the criteria for commitment, the facility administrator should file a petition with the court to seek involuntary placement:
(3) PETITION FOR INVOLUNTARY INPATIENT PLACEMENT. — The administrator of the facility shall file a petition for involuntary inpatient placement in the court in the county where the patient is located....
Subsections (4) and (5) address the right to counsel and hearing continuances, respectively. Subsection (6) provides that the court shall hold the hearings for involuntary placement and specifically grants the circuit court authority to order involuntary treatment for a six month period:
(6) HEARING ON INVOLUNTARY INPATIENT PLACEMENT.—
(a)l. The court shall hold the hearing on involuntary inpatient placement within 5 days, unless a continuance is granted....
2. The court may appoint a general or special magistrate to preside at the hearing....
(b) If the court concludes that the patient meets the criteria for involuntary inpatient placement, it shall order that the patient be transferred to a treatment facility or, if the patient is at a treatment facility, that the patient be retained there or be treated at any other appropriate receiving or treatment facility, or that the patient receive services from a receiving or treatment facility, on an involuntary basis, for a period of up to 6 months. The order shall specify the nature and extent of the patient’s mental illness. The facility shall discharge a patient any time the patient no longer meets the criteria for involuntary inpatient placement, unless the patient has transferred to voluntary status.
(Emphasis added). Finally, subsections (7)(a) and (b) require that any petitions for involuntary inpatient treatment beyond those ordered by the circuit court shall be administrative in nature:
(7) PROCEDURE FOR CONTINUED INVOLUNTARY INPATIENT TREATMENT.—
(a) Hearings on petitions for continued involuntary inpatient placement shall be administrative hearings and shall be conducted in accordance with the provision of s. 120.57(1), except that any order entered by the administrative law judge shall be final and subject to judicial review in accordance with s. 120.68.
*386 (b) If the patient continues to meet the criteria for involuntary inpatient placement, the administrator shall, prior to the expiration of the period during which the treatment facility is authorized to retain the patient, file a petition requesting authorization for continued involuntary inpatient placement. The request shall be accompanied by a statement from the patient’s physician or clinical psychologist justifying the request, a brief description of the patient’s treatment during the time he or she was involuntarily placed, and an individualized plan of continued treatment.
(Emphasis added). The remainder of subsection (7) addresses the procedures to be followed by the administrative law judge hearing the petition for continued treatment.
W.M. argues that the language in subsection (7) regarding continued involuntary inpatient treatment divests the circuit court of jurisdiction over continued treatment, no matter how short the initial treatment period might be. In other words, she argues that any hearing for continued treatment must be an administrative hearing even if it follows a very brief initial commitment period. We disagree for several reasons.
Although subsection (7)(a) references administrative hearings, this does not mean that the circuit court relinquishes jurisdiction. In Liebman v. State, 555 So.2d 1242 (Fla. 4th DCA 1989), the Fourth District addressed the argument that it was unconstitutional for an administrative hearing officer to order continued involuntary placement under section 394.467. Liebman recognized that a circuit court must make the initial incompetency determination. Id. at 1243. This is so because article V, section 20, of the Florida Constitution provides that the circuit courts “shall have exclusive original jurisdiction ... of proceedings relating to ... the determination of incompetency.” Liebman, 555 So.2d at 1244 (quoting the Florida Constitution). However, the Legislature can establish commissions or grant administrative officers quasi-judicial power in matters connected with the functions of their office. Id. at 1243 (quoting article V, section 1, of the Florida Constitution). Thus, administrative agencies can have jurisdiction over continued involuntary placement proceedings “so long as a circuit court makes the initial determination.” Id. at 1243. However, as the Fourth District recognized, “Such jurisdiction can be exercised concurrently with the original, nonexclusive jurisdiction given to circuit courts over the same matters.” Id. at 1244 (emphasis added).
Liebman addressed the confusion surrounding the administrative hearing requirement. In 1971, section 394.467 provided that a hearing officer should hear petitions for continued hospitalization. Id. at 1245. In 1972, the Legislature passed section 26.012, Florida Statutes, “which provided that the circuit court should have exclusive original jurisdiction of proceedings relating to involuntary hospitalization and the determination of incompetency.” Id. (internal quotations omitted) Finally, in 1978, section 394.467 was amended to provide that the mandates of section 120.57 must be followed in hearings for continued involuntary hospitalization — reaffirming that the Legislature “inten[ded] to have hearings on continuation of involuntary hospitalization handled under the APA.” Id. However, most importantly for the instant matter, the Fourth District again recognized the continuing jurisdiction of the circuit court: “[Hjearing officers assigned pursuant to section 394.467(7), Florida Statutes, (1987), have concurrent jurisdiction with the circuit court to conduct hearings on petitions for continuation *387 of involuntary hospitalization.” Id. (emphasis added). Because the circuit court retains concurrent jurisdiction, the question becomes: When can the circuit court exercise its concurrent jurisdiction and when should an administrative hearing be held? A full reading of the statutory scheme reveals that the Legislature did not intend for the administrative hearing requirement to apply until a person has been committed to long-term involuntary treatment.
Under this statutory scheme, there is a distinction between a “receiving facility” such as Florida Hospital, and a “treatment facility.” Section 394.455(26), Florida Statutes (2007), defines a “receiving facility” as “any public or private facility designated by the department to receive and hold involuntary patients under emergency conditions or for 'psychiatric evaluation and to provide short term treatment.” (Emphasis added). Section 394.455(32) defines a “treatment facility” as:
[A]ny state-owned, state-operated, or state-supported hospital, center, or clinic designated by the department for extended treatment and hospitalization, beyond that provided for by a receiving facility, of persons who have a mental illness, including facilities of the United States Government, and any private facility designated by the department when rendering such services to a person pursuant to the provisions of this part.
As referenced above, subsection 394.467(7)(a) provides that hearings for continued involuntary treatment should be administrative, but does not itself distinguish between receiving and treatment facilities. However, rule 65E-5.300(1), Florida Administrative Code, which implements the statute, does distinguish between the two:
In order to request continued involuntary inpatient placement, the treatment facility administrator shall, prior to the expiration of the period during which the treatment facility is authorized to retain the person, file a request for continued placement.... The petition shall be filed with the Division of Administrative Hearings within 20 days prior to the expiration date of a person’s authorized period of placement or, in the case of a minor, the date when the minor will reach the age of majority.
(Emphasis added). This rule fully comports with the language in subsection 394.467(7)(b) which, in discussing petitions for continued involuntary inpatient treatment, references placement in “the treatment facility.” The administrative rule, consistent with subsection (7)(b), requires an administrative petition only where the patient is in a state-sanctioned treatment facility — the agency gains jurisdiction at that point. The quasi-judicial exercise of power by the administrative officer is constitutional in such a situation because the Florida Constitution allows such power in connection with the functions of the administrative offices. Liebman, 555 So.2d at 1243.
In this case, the initial treatment ordered for W.M. was at Florida Hospital, where she received her initial psychiatric evaluation and short-term, three week inpatient treatment. Florida Hospital fits the statutory definition of a receiving facility. Thus, when the administrator of this receiving facility filed a petition for continued involuntary placement, the receiving facility administrator was not required to file with DOAH under Rule 65E-5.300— the rule, consistent with subsection 394.467(7)(b), only requires “treatment facility” administrators to do so. More importantly, because the treatment ordered was short-term, the circuit court properly *388 exercised jurisdiction to order further treatment. However, once long-term treatment is ordered, a petition for continued treatment must be addressed in an administrative hearing under section 394.467.[2]
Finally, we observe that absurd results would flow from acceptance of W.M.’s position. Requiring administrative hearings following court-ordered periods of short-term initial treatment makes little sense. As a practical matter, in this case, Florida Hospital would have had to file a petition for continued treatment under rule 65E-5.300 the day immediately after W.M.’s placement in inpatient care. W.M. was involuntarily committed for three weeks, or twenty-one days. Rule 65E-5.300 provides that the petition for continued treatment must be filed twenty days prior to the expiration of the hospitalization period. The petition, therefore, would have to be filed on her second day of commitment. The entire purpose of having short term commitment is to commit a person for as short a period as possible.[3] If a patient responds to initial treatment, there is no need to continue. If a petition for continued treatment were required one day after admittance into a receiving facility, there would be no opportunity to observe whether treatment is working and/or whether further treatment might be necessary. Ultimately, a short-term three week initial hospitalization period could never be ordered as a practical matter. Such a result clearly conflicts with the stated “intent of the Legislature that the least restrictive means of intervention be employed based on the individual needs of each person.” § 394.453, Fla. Stat.
Where a person is committed to short-term treatment, the circuit court may properly exercise its concurrent jurisdiction over the involuntary commitment proceedings. Where such treatment becomes long-term, administrative hearings are required. In this case, the circuit court properly exercised its concurrent jurisdiction to re-visit its initial order for short-term commitment.
Accordingly, we affirm.
AFFIRMED.
MONACO, J., and EARP, J., Associate Judge, concur.

. Section 394.463, Florida Statutes (2007), provides that a person may be taken to a receiving facility for psychiatric evaluation where it is suspected that the person suffers mental illness and may need treatment.

. The apparent intent of the Legislature is to give the circuit court jurisdiction for short-term treatment — up to six months. § 394.467(6)(b) ("If the court concludes that the patient meets the criteria for involuntary inpatient placement, it shall order that the patient ... be treated ... on an involuntary basis, for a period of up to 6 months.”). However, the Legislature intended long-term treatment to be subject to administrative procedure. § 394.467(7), Fla. Stat. This intent, that short-term treatment is for the court and long-term treatment requires administrative hearings, is also reflected in other Florida statutes. See, e.g., § 945.43, Fla. Stat. and § 945.45, Fla. Stat. (effective October 1, 2008) (authorizing courts to admit prison inmates to mental health treatment for periods up to six months but contemplating administrative hearings for continued, long-term treatment).

. § 394.453, Fla. Stat.